IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAWN JACKSON SHORT<br>868 N. Washington Street<br>Pottstown, PA 19464<br>　　　　Plaintiff<br><br>v.<br><br>RELIANCE STANDARD<br>LIFE INSURANCE COMPANY<br>2001 Market Street<br>Suite 1500<br>Philadelphia, PA 19103<br>　　　　Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:　NO.: |

## COMPLAINT

NOW COMES, the Plaintiff, Dawn Jackson Short, by and through her Counsel, Pond, Lehocky, LLP, and hereby complains of the above referenced Defendant, Reliance Standard Life Insurance Company (hereinafter referred to as "Reliance"), as follows:

**I.　STATEMENT OF JURISDICTION:**

1. Jurisdiction is conferred upon this Honorable Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e). This Honorable Court has jurisdiction over all issues raising a federal question and this instant matter involves a disability policy issued to the Claimant through his Employer, thus it is governed by the Employee Retirement Income Security Act of 1974 (ERISA) 29 U.S.C. § 1011, et seq.

II. STATEMENT OF VENUE:

2. Venue is proper in this jurisdiction as all actions and occurrences which give rise to the instant action occurred within the jurisdictional boundaries of this Honorable Court. Specifically, under the ERISA statute, venue is proper "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. §1132(e)(2):

a.) The Plaintiff resides within the jurisdictional boundaries of this Court. She filed her appeal of denial of Long Term Disability Benefits within the judicial district of this Court and received her final administrative denial at her address located with in the judicial district of this Court. The breach took place within the jurisdictional boundaries of this Honorable Court as the Plaintiff was to actually receive the benefits at her home located within the judicial district of this Honorable Court.

II. FACTS:

3. The Plaintiff, Dawn Jackson Short, is an adult and competent individual with a physical address of 868 N. Washington Street, Pottstown, PA 19464.

4. The Defendant, Reliance under information and belief, is a business entity with a place of business located at 2001 Market Street, Philadelphia, PA 19103.

5. Reliance is a business entity, which issues disability insurance

policies governed by the Employee Retirement Insurance Security Act (ERISA), 29 U.S.C. §1011, et seq.

6. On a date certain, Reliance, issued a policy providing disability insurance benefits to the Plaintiff through the Plaintiff's employer, YWCA Tri-County Area.

7. The policy of insurance aforementioned provided for an employee benefit plan as defined and covered under the terms of ERISA.

8. At all times material and relevant hereto, all policy premiums due on behalf of the Plaintiff under said policy were paid.

9. At all times material and relevant hereto, the Plaintiff performed all obligations required of her under said contract of insurance.

10. At all times material and relevant hereto, the Plaintiff was a qualified participant in the employee benefit plan provided by Reliance to the Plaintiff's employer under the aforementioned policy.

11. On a date certain, the Plaintiff filed an application for Long disability benefits with Reliance.

12. On a date certain, Reliance notified the Plaintiff that her claim was denied and that she was no longer entitled to benefits under the aforementioned policy beyond July 18, 2022.

13. On a date certain, the Plaintiff filed an administrative appeal and

submitted additional medical records, opinions from her doctors in support of her claim.

14. On a date certain, Reliance denied the Plaintiff's administrative appeal. and informed the Plaintiff that she had exhausted her Administrative Remedies.

15. Reliance abused its discretion and acted in a manner serving only its own business interest when it denied the Plaintiff's claim for disability benefits.

16. The actions of Reliance in denying the Plaintiff's claim for disability insurance benefits was arbitrary, capricious and made in violation of 29 U.S.C. §1001, et seq.

17. The actions of Reliance in denying the Plaintiff's claim for disability insurance benefits are contrary to the language of the policy in question.

18. The Plaintiff is entitled to disability insurance benefits under the aforementioned policy as she has satisfied through medical evidence that she meets the definition of disability under the policy of insurance.

19. The Plaintiff is entitled to recover the benefits due to her under the aforementioned insurance policy in accordance with 29 U.S.C. §1132.

20. As a direct and proximate result of the actions of Reliance as herein above more particularly described, the Plaintiff has been caused to incur attorneys' fees in an amount not yet known.

21. As a direct and proximate result of the actions of Reliance, the

Plaintiff has sustained damages in an amount not yet known to the Plaintiff; however, upon information and belief, such damages will approximate the amount of benefits due and owing to the Plaintiff from July 18, 2022 to the present and continuing into the future.

WHEREFORE, the Plaintiff, Dawn Jackson Short, respectfully requests that judgment be entered against Reliance as follows:

1. Ordering Reliance to pay to the Plaintiff, Dawn Jackson Short, long term disability insurance benefits from July 18, 2022 to the present and continuing into the future as provided for in the policy of insurance;

2. Awarding the Plaintiff, Dawn Jackson Short, prejudgment interest on the award until the date of judgment;

3. Awarding the Plaintiff's attorney's fees, court costs and other reasonable costs incurred for the prosecution of the instant action;

4. Granting such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

BY: _____
Michael J. Parker, Esquire

Pond, Lehocky, LLP
One Commerce Square
2005 Market Street
18th Floor
Philadelphia, PA 19103
(215)568-7500
Mparker@pondlehocky.com